IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DALE KEVIN KOLB,           §<br>    PETITIONER,              §<br>                             §<br>v.                           §<br>                             §<br>DOUGLAS DRETKE, DIRECTOR,    §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL INSTITUTIONS §<br>DIVISION                     §<br>    RESPONDENT.              § | CIVIL ACTION NO. 4:05-CV-0328-A |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Dale Kevin Kolb, TDCJ-ID #1151823, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2001, Kolb was twice indicted for the felony offense of bail jumping/failure to appear in

the 266th Judicial District Court of Erath County, Texas. (1State Habeas R. at 42-43.)[1]  Each indictment included enhancement paragraphs alleging two prior felony convictions.  Also pending in that court at the time were four other indicted felony offenses charging Kolb with theft. (*Id.*)  On March 5, 2001, pursuant to a plea bargain agreement, Kolb pled guilty to one felony offense of bail jumping/failure to appear and true to the enhancements allegations as charged in the indictment in cause no. 11293, in exchange for the state's agreement to dismiss the remaining five felony cases then pending. (*Id.* at 50.)  The trial court assessed his punishment at fifty years' confinement in accordance with the plea agreement. (*Id.* at 58.)  Kolb did not appeal his conviction or sentence. (Petition at 3.)

On February 24, 2004, Kolb filed a state application for writ of habeas corpus attacking his conviction and sentence on various substantive grounds, which was denied by the Texas Court of Criminal Appeals without a hearing or written order on the findings of the trial court. *Ex parte Kolb*, Application No. 58,837-01, at cover.  On January 6, 2005, Kolb filed a second state application for writ of habeas corpus attacking the Court of Criminal Appeals's decision and procedures in his initial habeas application, which was dismissed as successive. *Ex parte Kolb*, Application No. 58,837-02, at cover.  Kolb filed this federal petition for writ of habeas corpus on May 18, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## D.  Issues

In one ground, Kolb alleges the Court of Criminal Appeals abused its discretion by denying his initial state habeas application without a hearing based on the trial court's decision, which was

---

[1] "1State Habeas R." refers to the state court records for Kolb's state habeas Application No. 58,837-01.

2

an unreasonable determination of the facts in light of the evidence presented, and without reference to any guiding principles or rules. (Petition at 4.) He also complains of the state trial court's failure to give him an opportunity to file a timely response objecting to the state's answer to his initial state application and to enter proper findings of fact and conclusions of law. (*Id.* at 6.)

### E. STATUTE OF LIMITATIONS

Dretke has filed a motion to dismiss Kolb's petition as time-barred, to which a reply was filed on Kolb's behalf.[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     ©) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]A layman may not file a pleading on behalf of a pro se petitioner. Although it is unclear, it appears that state prisoner Brian McQueen, who is also in custody of TDCJ but confined in Tennessee Colony, Texas, signed Kolb's name to Kolb's responsive pleading, entitled "Petitioner's Motion Objecting to Respondents Motion to Dismiss as Time-Barred," and filed the document in this Court on Kolb's behalf. Nevertheless, the undersigned does not order the document stricken from the record because it has no bearing on the recommended disposition of this action.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Kolb attempts to challenge his 2001 conviction and sentence, directly or indirectly, by way of this petition, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[3] Kolb was convicted and sentenced in open court pursuant to the plea agreement on March 5, 2002. Kolb did not file a notice of appeal, thus his conviction became final on April 4, 2002. *See* TEX. R. APP. P. 26.2(a)(1)[4]; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Kolb had one year thereafter, or until April 4, 2003, within which to file a timely federal habeas corpus action, absent any tolling. Kolb's state habeas applications, filed after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Kolb otherwise asserted a valid reason to excuse his delay for purposes of equitable tolling. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner). Accordingly, Kolb's petition filed on May 18, 2005

---

[3] There are no allegations that the state imposed an unconstitutional impediment to the filing of Kolb's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Kolb's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) are not applicable.

[4] Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within 30 days after the day sentence is imposed in open court.

is untimely.

To the extent Kolb attempts to challenge alleged infirmities in the state habeas corpus proceedings, his claim is not cognizable upon federal habeas review. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

## II. RECOMMENDATION

Kolb's petition for writ of habeas corpus should be dismissed with prejudice as time- barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 15, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 15, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 25, 2005.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE